UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALDUBIN MARTINEZ RODRIGUEZ,

                        Plaintiff,                    Index No.: 26-cv-6871

   -against-                               COMPLAINT

MARTINO LANDSCAPE CONTRACTORS, INC., and
LEONARDO MARTINO Individually and as Officer of
MARTINO LANDSCAPE CONTRACTORS, INC.,

                   Defendants.          JURY TRIAL DEMANDED

------------------------------------------------------------------X

Plaintiff ALDUBIN MARTINEZ RODRIGUEZ (hereinafter referred to as "Plaintiff"), by and through his attorneys VALLETTI & ASSOCIATES, LLC hereby alleges violations of Federal and State wage and hour laws pertaining to overtime wages, notice requirements, pay frequency, and sick leave as against Defendant MARTINO LANDSCAPE CONTRACTORS, INC. (hereinafter "LANDSCAPE"), and LEONARDO MARTINO Individually and as Officer of MARTINO LANDSCAPE CONTRACTORS, INC. (hereinafter "MARTINO"), (collectively referred to as "Defendants") as follows:

## **INTRODUCTION**

1.     This civil action arises from Defendants' flagrant and willful actions committed in violation of Plaintiff's rights guaranteed to him by: (i) the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206 et seq. ("FLSA"); (ii) the overtime wage provisions of the New York State Labor Law ("NYLL") §650 et seq. and the accompanying New York Codes, Rules, and Regulations ("NYCRR") 12 NYCRR §142-2.2; (iii) the wage statement requirements and recordkeeping provisions of NYLL §195; (iv) the frequency of pay requirements of NYLL

§191; (v) sick leave requirements of NYLL 196-b; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.  Defendants committed the aforementioned violations of these statutes by engaging in an intentional, willful and systematic scheme to deny Plaintiffs of their rights.

3.  Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

4.  Plaintiff alleges, pursuant to the NYLL and NYCRR, that he is entitled to recover (1) back pay, (2) liquidated damages, (3) attorney's fees and costs, and (4) interest.

## JURISDICTION AND VENUE

5.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.

6.  The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this District.

**PARTIES**

8.      At all times hereinafter mentioned, Plaintiff was and is a resident of the State of New York, residing in Westchester County.

9.      Plaintiff has been aggrieved by Defendants' willful violations of the FLSA and NYLL.  He is a former employee of Defendants.

10.     At all times herein mentioned, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

11.     Defendant LANDSCAPE was and is a corporation organized under the laws of the State of New York and maintains its headquarters and principal executive office in Westchester County, NY.

12.     Defendant LANDSCAPE has a New York State Department of State Process Server name and address listed as "THE CORPORATION, 1 NORTH BROADWAY, 12th FLOOR, WHITE PLAINS, NY, UNITED STATES, 10601."

13.     Defendant LANDSCAPE is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

14.     Defendant LANDSCAPE is an employer within the meaning of the New York Labor Law.

15.     Upon information and belief, the amount of qualifying annual volume of business for Defendant LANDSCAPE exceeds $500,000 and thus subjects the business to the FLSA's requirements.  Additionally, Defendant LANDSCAPE's employees are engaged in interstate commerce; this independently subjects the business to coverage under the FLSA.

16.     Defendant MARTINO was and is an officer of Defendant LANDSCAPE.

17. Upon information and belief, Defendant MARTINO was and is the Owner of Defendant LANDSCAPE.

18. Defendant MARTINO is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

19. Defendant MARTINO is an employer within the meaning of the New York Labor Law.

20. Upon information and belief, Defendant LANDSCAPE engages in lawn care and landscape contracting.

21. Defendant MARTINO owns, manages, and oversees operations for Defendant LANDSCAPE.

22. Upon information and belief, Defendant MARTINO handles all aspects of hiring, firing, and disciplining of employees, as well as the pay practices for Defendant LANDSCAPE.

23. Defendants LANDSCAPE and MARTINO form a single statutory employer under the FLSA.

24. Upon information and belief, Defendants' business operations cause various items, including lawn care and landscape construction-related equipment and materials, to be transported across state lines and used in the normal course of business in New York on a daily basis.

## STATEMENT OF FACTS

25. Defendants began operating in 1989 and are a premier landscape provider servicing clients in Westchester and Putnam counties.

26. Defendants engage in landscaping and landscape design; specifically, Defendants design, install, and maintain properties' shrubs, trees, plants, and grass.

27. Defendants also engage in construction duties, including designing and constructing retaining walls and stone walls.

28. Defendant MARTINO is the owner of Defendant LANDSCAPE and manages the day-to-day operations of the company.

29. For the entirety of the time Plaintiff worked for Defendants, Plaintiff took orders from Defendant MARTINO.

30. Defendant MARTINO controlled Defendants' pay practices herein described.

31. Defendant MARTINO has the ability to discipline and hire and fire employees.

32. Defendants employ approximately 70-80 workers, all of whom engage in some form of landscaping or landscape design and construction installations.

33. Plaintiff began working for Defendants in 2013 as a landscape laborer.

34. At the beginning of his employment, Plaintiff earned a flat rate of $100 per day.

35. In 2015, Plaintiff's pay rate changed: he earned a flat rate of $120 per day until 2018.

36. In 2018, Plaintiff's pay rate changed again: he was informed by Defendant MARTINO that he would be paid $22 per hour.

37. Plaintiff, however, did not receive $22 per hour; he only received $18 per hour.

38. During the entirety of his employment, Plaintiff's duties included, but were not limited to, lawn mowing, trimming, pruning, edging and other duties germane to lawn care.

39. Occasionally, Plaintiff also performed construction-related duties like installation of retaining walls or stonework.

40. Throughout the entirety of his employment with Defendants, Plaintiff was a worker entitled to an overtime premium rate for all hours worked in excess of 40 hours per week.

41. Each year during the relevant statutory period, throughout his time working for Defendants, Plaintiff worked Monday through Saturday and occasionally Sunday when Defendant MARTINO required.

42. Each year during the relevant statutory period, during the months of March through September, Plaintiff began his workday at 7 am and concluded around 9 pm.

43. Each year during the relevant statutory period, during the months of October through early December, Plaintiff began his workday at 7 am and concluded around 6 pm.

44. Each year during the relevant statutory period, from March through September, Plaintiff consistently worked between 60-70 hours per week on average.

45. Each year during the relevant statutory period, from October through December, Plaintiff consistently worked between 50-60 hours per week on average.

46. Plaintiff received a portion of his pay on check and a portion of his pay in cash.

47. Defendants did not provide Plaintiff with sick leave.

48. The portion of his weekly pay that Plaintiff received on checks was for 40 hours worked per week; examples of those pay stubs are annexed hereto as Exhibit A.

49. For the hours Plaintiff worked beyond 40 in a given workweek, Plaintiff received his pay in cash.

50. For hours worked beyond 40 in a given workweek, Plaintiff received his regular hourly rate rather than 1.5 times his hourly rate.

51. Defendants' failure to pay Plaintiff's overtime premium persisted throughout Plaintiff's entire employment with Defendants.

52. Despite being manual workers, Defendant paid Plaintiff and his co-workers bi-weekly.  See Exhibit A.

53.     Plaintiff's last day of work for Defendants was July 17, 2026.

54.     Defendants' violations of Federal and State wage laws were intentional, as evidenced by paying the regular hours of his pay via check and the remainder in cash.

55.     Defendants are jointly and severally liable for the damages Plaintiff has sustained herein.

56.     Defendants' pay practices did not reflect all hours worked and monies earned during each pay period, rendering Plaintiff's paystubs inaccurate.

57.     Defendants' practices failed to provide Plaintiff with legally sufficient wage statements throughout the entirety of his employment with Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

58.     Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

59.     The conduct alleged herein violates the FLSA as Defendants failed to compensate Plaintiff in accordance with the Federal statutorily required overtime rate of pay per hour worked in excess of 40 in a given workweek.

60.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

62.     Plaintiff's requests for further relief are set forth below.

## COUNT II

### VIOLATION OF THE NEW YORK STATE LABOR LAW (OVERTIME)

63.     Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

64.     The conduct alleged herein violates the New York State Labor Law and accompanying New York Code, Rules, and Regulations, as Defendants failed to compensate Plaintiff the State statutorily required overtime rate of pay per hour worked in excess of 40 in a given workweek.

65.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

67.     Plaintiffs' requests for further relief are set forth below.

## COUNT III

### VIOLATION OF THE NEW YORK STATE LABOR LAW (Wage Theft Prevention Act)

68.     Plaintiff repeat and reallege the allegations contained in the above paragraphs as if fully set forth herein.

69.     The conduct alleged herein violates the New York State Labor Law because Defendants failed to provide Plaintiff, with every payment of wages, an accurate statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; and net wages.

70.     The conduct alleged herein violates the New York State Labor Law because Defendants failed to establish, maintain and preserve for not less than six years contemporaneous,

true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; and net wages for each employee.

71.    Defendants' conduct was willful and lasted for the duration of the relevant time periods.

72.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

73.    Plaintiff's requests for further relief are set forth below.

## COUNT IV
## VIOLATION OF THE NEW YORK STATE LABOR LAW (Frequency of Pay)

74.    Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

75.    The conduct alleged herein violates the New York State Labor Law because Defendants failed to pay Plaintiff, a manual worker, on a weekly basis.

76.    Defendants' conduct was willful and lasted for the duration of the relevant time periods.

77.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

78.    Plaintiff's requests for further relief are set forth below.

## COUNT V
## VIOLATION OF THE NEW YORK STATE LABOR LAW (Sick Leave Requirement)

79.    Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

80.     The conduct alleged herein violates the New York State Labor Law because Defendants failed to provide Plaintiff with forty hours of paid sick leave in each calendar year.

81.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

82.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages.

83.     Plaintiff's requests for further relief are set forth below.

## JURY DEMAND

84.     Plaintiffs demand a trial by jury for all claims stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants as follows:

a)  Demand a jury trial on these issues to determine liability;

b)  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

c)  A judgment that the practices complained of herein are unlawful and in violation of the FLSA, NY Labor Law and the accompanying New York Codes, Rules, and Regulations;

d)  An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

e) An award of liquidated damages pursuant to the FLSA and NY Labor Law and any other applicable statutes, rules, or regulations, including the rules or regulations of the New York Commissioner of Labor;

f) All damages which Plaintiff sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper pay practices;

g) Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

h) Pre-judgment and post-judgment interest, as provided by law; and

i) Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: August 12, 2026
      Patchogue, NY

Respectfully Submitted,

**Valletti & Associates, LLC**
Attorneys for Plaintiffs
40 W. 4th Street, Suite 42
Patchogue, NY 11772
P: (516) 666-0246
F: (516) 758-1117

BY:   /s/ Robert P. Valletti
        Robert P. Valletti (RV-1847)